ASH

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittian Willie Young, | No.   CV-20-01617-PHX-DGC (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Arizona Department of Environmental Quality, et al., | |
| Defendants. | |

On March 13, 2019, Plaintiff Brittian Willie Young, who is confined in the Arizona State Prison Complex-Tucson, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis, and the Clerk opened case No. CV-19-01729-PHX-DWL (JZB).  In a June 5, 2019 Order, the Court granted the Application to Proceed, but dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint.

On June 17, 2019, Plaintiff filed a First Amended Complaint.  By Order dated October 9, 2019, the Court dismissed the First Amended Complaint and case No. CV-19-01729-PHX-DWL (JZB) as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff appealed the dismissal to the Ninth Circuit, but the appeal was dismissed for lack of jurisdiction because it was not timely filed.

On August 17, 2020, Plaintiff initiated this action by filing a new pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis

in this Court. Docs. 1, 2. The Complaint was simply be a photocopy of Plaintiff's original complaint from CV-19-01729-PHX-DWL (JZB), with a new claim against the Judge who had dismissed that action. Plaintiff's Application to Proceed was also a photocopy of his Application to Proceed from CV-19-01729-PHX-DWL (JZB), given that the Trust Account Statement was dated February 25, 2019. By Order dated August 21, 2020, the undersigned judge dismissed the Complaint and this action as duplicative of CV-19-01729-PHX-DWL (JZB), and as barred by *Heck*. Doc. 6.

Plaintiff has now filed a "Motion for Deposition Hearings of Defendants/Witnesses" (Doc. 8), a handwritten "Summons" (Doc. 9), a Motion for Reconsideration (Doc. 10), and an untitled document which the Court construes as a Motion for Reassignment (Doc. 11).

**I.      Motion for Reassignment.**

Plaintiff asks that this action be "reassigned to Judge John Z. Boyle and the new case number is CV 20-1721-PHX-DWL-JZB where a complaint has been filed against [the undersigned judge]." Doc. 110 (emphasis in original). Plaintiff apparently refers to another action, recently filed, which is identical to this action and adds a new claim against the undersigned judge. *See Young v. Ariz. Dep't of Env'l Quality*, CV-20-01721-PHX-DWL (JZB) (D. Ariz. 2020). There is a pattern here: each time a judge dismisses one of Plaintiff's actions, Plaintiff files a new action, identical to the last, and adds a new claim against the judge who dismissed the previous action.

Ordinarily, when a judge assigned to the case is named as a party, the judge would recuse himself sua sponte pursuant to 28 U.S.C. § 455, which requires a judge to recuse himself "in any proceeding in which his impartiality might be reasonably questioned" or when he is "a party to the proceeding." 28 U.S.C. § 455(a) and (b)(5)(i). But this is not an ordinary case. Although an unhappy litigant might seek to force a judge to recuse himself by filing a lawsuit against him, a "'judge is not disqualified merely because a litigant sues or threatens to sue him.' Such an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin v. State Bar of Ariz.*, 686 F.2d 692, 701 (9th Cir. 1981) (citation omitted), *rev'd on other grounds sub nom Hoover v. Ronwin*, 466 U.S. 558 (1984);

*see also United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007) ("'[A] judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks.'") (quoting *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986)).

Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455.  Section 144 provides for recusal where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  The affidavit must state the facts and reasons for the belief that the bias or prejudice exists.  28 U.S.C. § 144. If the judge finds the affidavit timely and legally sufficient, the judge must proceed no further and another judge must be assigned to hear the motion.  *Id.*; *see United States v. Sibla,* 624 F.2d 864, 867 (9th Cir. 1980).  Plaintiff has not filed the affidavit required by § 144.  *Sibla*, 624 F.2d at 868.  Further, Plaintiff has not identified any facts to support the conclusion that the undersigned has a bias or prejudice that stems from an extrajudicial source.  His attempt at disqualification is based entirely on the Court's rulings in this case. As a result, the undersigned is not required to assign the recusal request to another judge. *See Azhocar*, 581 F.2d at 738 ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").

Under §§ 144 and 455, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)), *abrogated on other grounds in Simmons v. Himmelreich*, — U.S. —, 136 S. Ct. 1843 (2016).  In nearly all cases, the source of any alleged bias must be extrajudicial.  *Liteky v. United States*, 510 U.S. 540, 544-56 (1994).  Petitioner does not allege the undersigned has an extrajudicial bias against him; his effort at disqualification is based entirely on the undersigned's rulings in this case. Recusal or reassignment is not required in such circumstances, and the Court will deny Plaintiff's Motion for Reassignment.

## II.     Motion for Reconsideration

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Mere disagreement with a previous order is an insufficient basis for reconsideration.  *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988); *see also* LRCiv 7.2(g).

The Court has reviewed the Complaint, its August 21 Order, and Plaintiff's Motion for Reconsideration, and finds no basis to reconsider the dismissal of this action.  Plaintiff's Motion for Reconsideration will be denied, and his "Motion for Deposition Hearings of Defendants/Witnesses" will be denied as moot.  This action shall remain closed.

**IT IS ORDERED:**

(1)     Plaintiff's "Motion for Deposition Hearings of Defendants/Witnesses" (Doc. 8), Motion for Reconsideration (Doc. 10), and Motion for Reassignment (Doc. 11) are **denied**.

(2)     This action must remain **closed**.

Dated this 16th day of September, 2020.

David G. Campbell
Senior United States District Judge

- 4 -